# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MUHAMMAD FAISAL AMJAD,

    *Plaintiff*,

v.

ANDREW SCHOFER, Deputy Chief of
Mission, U.S. Embassy in Pakistan, et al.,

    *Defendants*.

Civil Action No. 1:24-cv-1773 (CJN)

## ORDER

Muhammad Faisal Amjad, a Pakistani citizen, seeks to compel the conclusive adjudication of his immigrant visa application, of which his wife and son are derivative beneficiaries. ECF No. 1 ("Pet."). The government moves to dismiss. ECF No. 6 ("Mot."). For the reasons explained below, the Court will grant the motion.

Under both the APA and the Mandamus Act, district courts can compel agency action "only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *1 (D.C. Cir. July 24, 2024) (per curiam) (quoting *Norton v. Southern Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). As relevant here, when a visa applicant "execute[s]" his application "by bringing the required paperwork to an in-person interview with a consular officer," "the consular officer—by regulation—*must* issue or refuse the visa."[1] *Id.* (citing 9 Foreign Affairs Manual ("FAM") § 504.1-3(a), (g); 22 C.F.R. §

---

[1] Upon order of the Secretary of State, consular officers may also "'discontinue granting immigrant visas' from specified countries during certain diplomatic disputes." *Karimova*, 2024 WL 3517852, at *1 n.2 (quoting 8 U.S.C. § 1253(d)); *see also* 22 C.F.R. § 42.81(a). No such order is at issue in this case.

42.81(a)) (emphasis in original) (internal quotation marks omitted). Amjad argues that consular officers at the U.S. Embassy in Pakistan impermissibly delayed in fulfilling that obligation because, after refusing his visa application, they placed it into a status called "administrative processing." Pet. ¶¶ 15–17; ECF No. 7 ("Opp.") at 6. Administrative processing permits consular officers to "re-open and re-adjudicate" an applicant's closed case at a later date, based on new information from the applicant or other sources. *Karimova*, 2024 WL 3517852 at *2 (citing 9 FAM §§ 306.2-2(A)(a), (A)(a)(2)). In Amjad's view, the indefinite nature of that status amounts to an unreasonable delay in the final adjudication of his visa application that warrants relief under the APA or the Mandamus Act. *See* Pet. ¶¶ 13–34; Opp. at 6–7.

Yet, as the Court of Appeals recently explained, a visa applicant whose application is refused and then placed into administrative processing has still "received the 'refused' decision that the law expressly authorizes as one of the allowed actions on a visa application." *Karimova*, 2024 WL 3517852 at *4 (citing 22 C.F.R. § 42.81; 8 U.S.C. § 1201(g)). "Nothing in federal law speaks to the ability of a consul, after making that decision, to hold onto the application in case circumstances later change in the applicant's favor, thereby saving the applicant the time and cost of filing a whole new visa application." *Id.* Amjad thus cannot show that consular officers "committed a transparent violation of a clear duty to act" by placing his refused visa application in administrative processing—regardless of how long his application remains subject to such processing. *Id.* at *1 (quoting *In re Core Communications, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008)) (internal alteration omitted). The Court will accordingly dismiss Amjad's complaint.[2]

---

[2] The Court need not address whether Amjad's claims separately fail under the consular non-reviewability doctrine, which "shields a consular officer's decision to issue or withhold a visa from judicial review, at least unless Congress says otherwise." *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021).

It is hereby

**ORDERED** that the government's Motion to Dismiss, ECF No. 6, is **GRANTED**; and it is further

**ORDERED** that Amjad's claims are dismissed for lack of subject matter jurisdiction.

This is a final and appealable order.

The Clerk of Court is directed to terminate this case.


DATE:  October 4, 2024

_____

CARL J. NICHOLS
United States District Judge